## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—
1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

Another option after an adverse judgment is to file a MOTION FOR A NEW TRIAL.
1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

The last options are to file MOTIONS to change the JUDGMENT.
1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include—
1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes, but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal, family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
   (f) Money payable or paid in accordance with an agreement or court order for child support.
   (g) Money payable or paid in accordance with an agreement or court order for alimony to the same extent that wages are exempt from attachment under § 15-601.1(b)(1)(ii) or (2)(i) of the Commercial Law Article.
   (h) The debtor's beneficial interest in any trust property that is immune from the claims of the debtor's creditors under § 14-113 of the Estates and Trusts Article.
   (i) With respect to claims by a separate creditor of a husband or wife, trust property that is immune from the claims of the separate creditors of the husband or wife under § 14-113 of the Estates and Trusts Article.
4. GARNISHMENT OF PROPERTY—Such a writ attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished. Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.

District Court of Maryland for Washington County - Civil Continuation Sheet

*Collier v. Midland Credit Management, Inc*

Defendant, Midland Credit Management, (MCM)., was sent a letter dated 8/7/12 and 8/17/12 (attached) indicating that the trade that they put on her Trans Union Credit Report was fraudulent and not hers.

FCRA VIOLATIONS

The FCRA states:

"as furnishers of information", 15 USC 1681s(a)(1)(A), prohibits furnishers of information to provide any information to a consumer reporting agency regarding an alleged debt if they knew or consciously avoided knowing the information was inaccurate, furthermore; under 15 USC 1681s(a)(1)(B), are prohibited from furnishing information regarding an alleged debt to a consumer reporting agency after having been notified by the consumer that the information was in fact, inaccurate. Plaintiff has met this burden by virtue of her letters.

Plaintiff wrote 2 letters to the "corporate headquarters" as listed on the parent company's website with her identifying information, and all three letters went summarily ignored. Plaintiff's faxes were also received and not acted upon.

FDCPA VIOLATIONS

15 USC 1692g section 809 states in short that within 5 days of initial communication you shall furnish certain information regarding the alleged debt. Defendant failed to communicate with Plaintiff initially, so Plaintiff made initial communication with your Defendant. Mail was not returned and Plaintiff's fax transmittal sheets show that there were no errors in transmitting the faxes. Defendant continuously failed provide validation of the alleged debt

15 USC 1692e section 807(8), which states:

Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Defendant never marked the alleged debt as "disputed" a copy of her report dated 8/10/2012 still shows the last update as of August 2012, and no dispute notification.

MARYLAND FDCPA VIOLATIONS

Maryland Fair Debt Collection Practices Act § 14-202. Proscribed conduct

In collecting or attempting to collect an alleged debt a collector may not:

(3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false;

By virtue of the letters Plaintiff sent to Defendant, Defendant violated 14-202 by disclosing to a consumer reporting agency information which adversely affected the Plaintiff's reputation and creditworthiness.

Defendant also violated Maryland State Law, 13-301 et Seq, through 13-303 et Seq., the Unfair or Deceptive Trades Practices act and MD 14-402, Consumer Debt Collection laws by ignoring Plaintiff's disputes and failing to act on the consumer's correspondence.

Under the FCRA, Plaintiff is entitled to $1000.00 in damages for the reporting of inaccurate information.

Under the FDCPA, Plaintiff is entitled to $1000.00 in damages per violation, and actual damages.

Under the MDFDCPA, Plaintiff is entitled to recover as follows:

A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

Plaintiff has suffered emotional distress, mental anguish and frustration in getting this matter rectified with Defendant.

Plaintiff seeks a total of $5000.00 in damages from Defendant for their blatant violations of the FCRA, FDCPA, MDFDCPA and Unfair Trade Practices Acts.

Jessica Collier
12039 Itnyre Road
Smithsburg, MD 21783
240-529-8870

August 7, 2012
***DISPUTE NOTIFICATION OF INTENT TO SUE***
RE: Trans Union Trade Line #8551070455 for "Wells Fargo" for $1060.51

To whom it may concern:

I am writing this letter to your firm, because I recently pulled a copy of my Trans Union credit report and noticed an entry from your agency "MIDLAND FUND" for an alleged debt. I found out that your agency was a debt collection firm.

I do not owe any consumer debts. I am requesting that you give me specific details as to your "collection account" with my name. I never had an account with your client.

Please remove this trade-line and respond to me at the address above. In addition on August 3, 2012, I received the enclosed letter in regards to a fraudulent debt with Wells Fargo. I do not owe money to you or your client, so I suggest you remove the trade immediately.

I do not take lightly to collection agencies putting trade lines on my bureau that do not belong to me.

I have disputed the debt with Trans Union, and they verified it as accurate, you, as a collection agency have a duty to report only "knowingly accurate information", what you are doing is a violation of the FDCPA and FCRA as you are knowingly reporting inaccurate information. You do not even have the decency to respond to my dispute letters. I never received initial communication from your agency under the FDCPA, and you now have 10 days to remove this item, or I will be filing suit against your agency.

Regards,

Jessica Collier

CC: file

TRANSMISSION VERIFICATION REPORT

```
                                        TIME : 08/07/2012 15:05
                                        NAME : COLLIERHOME
                                        TEL  : 3018105328
                                        SER. : H0J414199
```

```
DATE,TIME              08/07  15:05:23
FAX NO./NAME           8003064443
DURATION               00:00:17
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```

TRANSMISSION VERIFICATION REPORT

```
                                        TIME : 08/07/2012 15:08
                                        NAME : COLLIERHOME
                                        TEL  : 3018105328
                                        SER. : H0J414199
```

```
DATE,TIME              08/07  15:08:14
FAX NO./NAME           8003064443
DURATION               00:00:21
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Jessica Collier
12039 Itnyre Road
Smithsburg, MD 21783
240-529-8870
via fax 602-707-5500 and 800-306-4443

August 17, 2012
*** LETTER AND NOTIFICATION OF INTENT TO SUE***
RE: Trans Union Trade Line #8551070455 and debt from Wells Fargo for $1060.51

To whom it may concern:

I am writing this final letter, because I recently pulled a copy of my Trans Union credit report and noticed an entry from your agency "Midland Funding" for an alleged debt. I found out that your agency was a debt collection firm.

I do not owe any consumer debts. I am requesting that you give me specific details as to your "collection account" with my name. I never had an account with your client.

Please remove this trade-line and respond to me at the address above. I am an identity theft victim and will not stand for my rights to be trampled upon.

I do not take lightly to collection agencies putting trade lines on my bureau that do not belong to me.

I have disputed the debt with Trans Union, and they verified it as accurate, you, as a collection agency have a duty to report only "knowingly accurate information", what you are doing is a violation of the FDCPA and FCRA as you are knowingly reporting inaccurate information. You do not even have the decency to respond to my dispute letters. I never received initial communication from your agency under the FDCPA, and you now have 10 days to remove this item, or I will be filing suit against your agency.

I have been more than patient in this matter, REMOVE THE TRADE FROM ALL 3 CREDIT BUREAUS or I WILL BE SENDING A SUMMONS TO YOU NEXT!!! My patience is worn out, I have spent months on this matter. I am done being nice and waiting for you to respond; which you feel you are not obligated to. How do you think a judge and jury will feel with my paper trail of contacting you and your sheer ignorance of my complaint? Not very good.

Regards,

Jessica Collier

CC: file

TRANSMISSION VERIFICATION REPORT

```
TIME : 08/17/2012 21:45
NAME : COLLIERHOME
TEL  : 3018105328
SER. : H0J414199
```

```
DATE,TIME            08/17  21:45:38
FAX NO./NAME         8003064443
DURATION             00:00:33
PAGE(S)              02
RESULT               OK
MODE                 STANDARD
                     ECM
```

AFFIDAVIT OF PLAINTIFF:

(STATE OF MARYLAND)

Plaintiff, Jessica L Collier, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
3. I have personally prepared the above entitled civil Complaint, and all allegations are based upon personal knowledge, information and belief formed after reasonable inquiry.
4. I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided, which are attached to the Complaint is a true and correct copy of the original.

Pursuant to 28 U.S.C. 1746(2), I, Jessica Collier hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: August 28, 2012

_____
Jessica Collier, Plaintiff

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

**Entity Name: MIDLAND FUNDING LLC**
**Dept ID #: Z13280946**

General Information   Amendments   Personal Property   Certificate of Status

| | |
|---|---|
| **Principal Office (Current):** | C/O CORPORATION SERVICE COMPANY<br>STE 400<br>2711 CENTERVILLE RD<br>WILMINGTON, DE 19808 |
| **Resident Agent (Current):** | CSC-LAWYERS INCORPORATING SERVICE COMPANY<br>7 ST. PAUL STREET, SUITE 1660<br>BALTIMORE, MD 21202 |
| **Status:** | **ACTIVE** |
| **Good Standing:** | Yes   What does it mean when a business is not in good standing or forfeited? |
| **Business Code:** | Other |
| **Date of Formation or Registration:** | 10/22/2009 |
| **State of Formation:** | DE |
| **Stock/Nonstock:** | N/A |
| **Close/Not Close:** | Unknown |

### Link Definition

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |

Entity Name: MIDLAND CREDIT MANAGEMENT, INC.
Dept ID #: F04840252

General Information    Amendments    Personal Property    Certificate of Status

| | |
|---|---|
| **Principal Office (Current):** | 500 WEST FIRST<br>HUTCHINSON, KS 67501 |
| **Resident Agent (Current):** | CSC-LAWYERS INCORPORATING SERVICE COMPA<br>7 ST. PAUL STREET, SUITE 1660<br>BALTIMORE, MD 21202 |
| **Status:** | **INCORPORATED** |
| **Good Standing:** | Yes    What does it mean when a business is not in good standing or forfeited? |
| **Business Code:** | Ordinary Business - Stock |
| **Date of Formation or Registration:** | 11/25/1997 |
| **State of Formation:** | KS |
| **Stock/Nonstock:** | Stock |
| **Close/Not Close:** | Unknown |

### Link Definition

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

08-03-2012

*Handwritten: 800 306 4443 / 602-707-5300 / V12666*

Jessica Collier
12039 Itnyre Rd
Smithsburg, MD 21783-1537

*Handwritten: Payed Theron 8/7/12 8/17/12*

*We can help you reduce your past due balance with Wells Fargo Bank, N.A. and get your finances back on track.*

Dear Jessica,

Your credit report can help you reach your goals -- or it can hold you back. Your past due balance of $1,060.51 with Wells Fargo Bank, N.A. is being reported to the credit reporting bureaus and remains a negative item on your credit report.

Reduce the amount you owe and resolve your bill with these 2 options:

**1** **Make your payment by 09-02-2012 and receive 40% off**
Your payment will be reduced to $636.31 if you pay it in full by 09-02-2012. That's 40% off your current balance due.

**2** **Make 6 monthly payments and receive 20% off**
Your payment will be reduced to $848.41 if you make 6 monthly payments of $141.40 by 09-02-2012. That's 20% off your current balance due.

If you are unable to make the payments required with the two options above, we may be able to set up payments as low as $50 each month to help you resolve this past due bill.

We can help you get back on track. When you call, our skilled Account Managers will help you find a solution that fits your budget and your timeline.

Don't miss this opportunity to reduce the amount you owe and resolve this past due bill. We look forward to assisting you.

Sincerely,

*/s/ H. Torres/*

H. Torres
Division Manager

Hours of Operation:
M – Th 6am – 7pm
Fri 6am – 5pm
Sat 6am – noon PST

P.S. We've included a free educational brochure for you, *Why paying your bills is so important to a good credit report.*

**Take your first steps towards repayment today!**

- Once you make a payment, interest will stop being applied to your account
- You will save up to $424.20 if you choose Option 1
- Offer expiration date: 09-02-2012
- Your credit report will be updated with each payment made, and once you've completed your agreed-upon payments to settle the account, your credit report will be updated as 'Paid in Full'!

Current Balance: $1,060.51
Payment Due Date: 09-02-2012

Original Creditor:
Wells Fargo Bank, N.A.
Original Account No.:
4465420185821469

Current Owner:
Midland Funding LLC
MCM Account No.:
8551070455

 Call:

 Click:

Mail:

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—
1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

Another option after an adverse judgment is to file a MOTION FOR A NEW TRIAL.
1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

The last options are to file MOTIONS to change the JUDGMENT.
1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include—
1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal, family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
   (f) Money payable or paid in accordance with an agreement or court order for child support.
   (g) Money payable or paid in accordance with an agreement or court order for alimony to the same extent that wages are exempt from attachment under § 15-601.1(b)(1)(ii) or (2)(i) of the Commercial Law Article.
   (h) The debtor's beneficial interest in any trust property that is immune from the claims of the debtor's creditors under § 14-113 of the Estates and Trusts Article.
   (i) With respect to claims by a separate creditor of a husband or wife, trust property that is immune from the claims of the separate creditors of the husband or wife under § 14-113 of the Estates and Trusts Article.
4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
   Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.
   To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

DC/CV 1 (back) (Rev. 7/2011)



$10.90
SEP 12 2012
0004622629
MAILED FROM ZIP CODE 21740

7112 2557 3090 0907 1326

"RESTRICTED DELIVERY"

MID CREDIT MANAGEMENT INC
S/A CSC LAWYERS INC.SERVICE.CO.
7 ST PAUL STREET STE 1660
BALTIMORE, MD 21202

DISTRICT COURT OF MARYLAND #11-2
36 W ANTIETAM ST
HAGERSTOWN MD 21740-5524